# ANDREW IRLBECK
### LAWYER, CHARTERED

WWW.IRLBECKLAW.COM | CELL 612.986.3895 | OFFICE 612.455.7053 | ANDREW@IRLBECKLAW.COM

July 12, 2017

The Honorable Joan N. Ericksen
United States District Court
12W U.S Courthouse
300 South Fourth Street
Minneapolis, MN 55415

Re:   Osman Plaintiffs' Response Regarding *Ziglar v. Abbasi*
*Hamdi Ali Osman v. Weyker et al.*, 16-CV-908 (JNE/TNL)
*Abdifatah Basir Jama v. Weyker et al.*, 16-CV-1230 (JNE/TNL)
*Abdifitah Jama Adan v. Weyker et al.*, 16-CV-1235 (JNE/TNL)
*Abdigadir Ahmed Khalif v. Weyker et al.*, 16-CV-1237 (JNE/TNL)
*Musse Ahmed Ali v. Weyker et al.*, 16-CV-1241 (JNE/TNL)
*Haji Osman Salad v. Weyker et al.*,  16-CV-1242 (JNE/TNL)
*Abdifatah Sharif Omar v. Weyker et al.*, 16-CV-1243 (JNE/TNL)
*Abdirahman Abdirzak Hersi v. Weyker et al.*, 16-CV-3714 (JNE/TNL)

Dear Judge Ericksen:

The Osman Plaintiffs submit this letter in response to Defendants Weyker's and Bandemer's June 28, 2017 letter regarding *Ziglar v. Abbasi*, 137 S. Ct. 1843 (2017).

*Ziglar* serves only to underscore how the Osman Plaintiffs' *Bivens* claims do not differ substantially or meaningfully from prior contexts, and therefore do not present a new context. *Ziglar*, 137 S. Ct. at 1859 (explicating further the correct test for the new context question, including the rank of the defendants and the constitutional right at issue). This does not present a new right, as the Supreme Court has previously found that due process rights are so fundamental that they must be enforceable against at least some federal actors, and *Bivens* was itself a Fourth Amendment case. *See Davis v. Passman*, 442 U.S. 228 (1979)(due process context); *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388 (1971)(Fourth Amendment context). Plaintiffs here only assert *Bivens* claims for due process and unreasonable seizure.

Additionally, just like *Bivens*, the Osman Plaintiffs only bring *Bivens* claims against street-level law enforcement agents for violations of clearly established investigative norms. In *Bivens*, it was warrantless entry. Here is it is evidence fabrication. The purpose of the *Bivens* remedy in its original context was to ensure some modicum of enforcement of constitutional norms against federal law enforcement agents, much like Section 1983 does against state or city police. The instant cases are no different in that regard, as perhaps the only notion more fundamental to our criminal justice system than the proscription of warrantless home entries is the principal that law enforcement should not and cannot jail people based on falsified evidence.

FIFTH STREET TOWERS | 100 SOUTH FIFTH STREET | SUITE 2100 | MINNEAPOLIS | MN 55402
LICENSED IN STATE & FEDERAL COURTS IN MINNESOTA & WISCONSIN

# ANDREW IRLBECK
### LAWYER, CHARTERED

Whereas the plaintiffs in *Ziglar* sought a damages remedy against top-level policymaking officials within the U.S. Government to effectuate a policy change, the Osman Plaintiffs here seek only a rote enforcement of due process and search and seizure law against St. Paul Police Officers who were, at times, cross-designated as federal agents.

Furthermore, even if the Court reaches the special factors analysis, all of the factors tip in favor of allowing the remedy in this context. Rather than sue top-ranking federal officials for damages to try to change national security policy on a wide scale, the Osman Plaintiffs only "challenge individual instances of discrimination or law enforcement overreach, which due to their very nature are difficult to address except by way of damages actions after the fact." *Ziglar*, 137 S. Ct. at 1862. This is precisely the narrow context out of which *Bivens* was born nearly an half-century ago, and of which *Ziglar* explicitly approved three weeks ago; individual instance of due process and Fourth Amendment violations by individual, low-level federal law enforcement officers, in which the remedy must be implied because it is "damages or nothing" for the victims of such abuses. *Ziglar*, 137 S. Ct. at 1862 (citing *Davis* and *Bivens*, *supra*.) In short, *Ziglar* does nothing to help Defendants Weyker and Bandemer, but rather, cements the validity of the *Bivens* claims against them.

*Ziglar* does nothing to advance Defendants' qualified immunity arguments either. There is no real dispute whether fabricating evidence is unconstitutional. *See White v. Smith*, 696 F.3d 740, 758 (8th Cir. 2012) ("There can be little doubt that intentionally manufacturing false evidence to convict a criminal defendant is the sort of 'brutal and inhumane abuse of official power' that shocks the conscience."). In more narrow, discrete cases, evidence fabrication violates the Fourth Amendment, and in more sprawling investigations, it violates the due process clauses of the Fifth and/or Fourteenth Amendments. *Cf. Manuel v. City of Joliet*, 137 S. Ct. 911 (2017)(Officers who lied regarding presence of narcotics to effectuate arrest and detention of traffic stop subject violated Fourth Amendment); *Moran v. Clarke*, 296 F.3d 638, 647 (8th Cir. 2002)(In sprawling evidence fabrication and reckless investigation case, "[a]lthough the Fourth Amendment covers seizures, which would be satisfied by [a plaintiff]'s arrest, law enforcement's intentional creation of damaging facts would not fall within its ambit.").

Finally, the individual Defendants insist on calling themselves "the Federal Defendants," and continue to wrongly urge this Court to evaluate this case only under *Bivens* jurisprudence. However, as was discussed at length in the Osman Plaintiffs' Memorandum in Opposition to the individual Defendants' Motion to Dismiss, fact questions exist regarding whether Weyker and Bandemer were acting under color of state or federal law while engaging in various aspects of this investigation - both temporally and with regards to their limited duties once deputized - and thus both the Section 1983 and *Bivens* claims against them must survive at this stage.

Very truly yours,

ANDREW M. IRLBECK

cc:   All Counsel of Record via CM/ECF